## In re ROBT. T. COCHRAN & CO.

District Court, S. D. New York.
Sept. 5, 1930.

William B. Hofstadter, of New York City, for petitioner.

Laughlin, Gerard, Bowers & Halpin, of New York City, for bankrupt.

PATTERSON, District Judge.

Motion granted. The alleged bankrupt has filed an answer setting up solvency as a defense, and has demanded a jury trial. The present motion is to compel the alleged bankrupt to annex to its answer a schedule of assets and liabilities. I think that the court has jurisdiction to make such an order, and that under the circumstances the jurisdiction should be exercised. General Order XXXVII (11 USCA § 53) provides that the Equity Rules shall be followed in bankruptcy practice, as nearly as may be. Equity Rule 58 (28 USCA § 723), dealing with interrogatories, discovery, and inspection, is applicable to this situation, and I deem the present motion to be in substance one for the relief mentioned in such rule. Under ordinary circumstances, where the issue of solvency is triable before one of the referees as special master, the petitioning creditors do not need in advance the information sought here. Several hearings are generally held and sufficient time is furnished to the petitioning creditors in the course of the hearings to meet the alleged bankrupt's showing of solvency. Here, however, a jury trial is demanded. The hearings will be continuous. The petitioning creditors will be at a serious disadvantage unless in advance of the trial they have information as to the financial condition which the alleged bankrupt expects to prove. Under the General Orders (11 USCA § 53), and also under section 2(15) of the Bankruptcy Act (11 USCA § 11(15), I believe that I have power to grant this motion. See, also, Young & Holland Co. v. Brande Brothers (C. C. A.) 162 F. 663, where the District Court ordered the alleged bankrupt to file a bill of particulars of its assets and creditors.